IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEN THOMPSON | § | |
| | § | |
| v. | § | CIV.ACT.NO. _____ |
| | § | |
| ALLIED PILOTS ASSOCIATION   AND | § | **Jury Demanded** |
| AMERICAN AIRLINES, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Ben Thompson demands judgment against Defendant Allied Pilots Association because APA breached its duty to fairly represent Thompson, and against Defendant American Airlines, Inc. because American Airlines has failed to create a system seniority list in accordance with the collective bargaining agreement between American Airlines and APA and the supplements to the collective bargaining agreement between American Airlines and APA.

**I.**

**JURISDICTION**

1.	Thompson's claim in this case arises under the Railway Labor Act, 45 U.S.C. §§151-188.  This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.  Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391(a) and §1391(c) because APA resides in Tarrant County, Texas, and because a substantial part of the events or occurrences occurred in the Northern District of Texas.

**II.**

**FACTS**

2.	Thompson was a pilot for TWA before American Airlines acquired TWA. Thompson now is a pilot flying for American Airlines.  APA is a union representing the pilots of

American Airlines.  At TWA, Thompson was a member of ALPA, a union representing TWA's pilots.  At American, Thompson is a member of APA.  There is a collective bargaining agreement between American Airlines and APA that defines, among other issues, seniority rights among the APA pilots at American Airlines.

3. When American Airlines acquired TWA, there were substantial negotiations over how best to migrate the TWA pilots into American Airlines' existing seniority system.  For airline pilots, seniority is important because seniority establishes a pilot's ability to bid on the more desirable routes, as well as job security if there is a reduction in pilots.

4. Ultimately, APA, ALPA and American Airlines worked out a scheme under the collective bargaining agreement that called for a system-wide seniority list.  APA and American Airlines are not creating a system seniority list according to the collective bargaining agreement and the supplements to the collective bargaining agreement.  Using the definitions in the current collective bargaining agreement and the supplements to the collective bargaining agreement, Thompson's placement on the system seniority list would be much more favorable than his position is currently under the way American Airlines creates the system seniority list.

5. Thompson's claim regarding the system seniority list not only affects him, but it also has ramifications for the hundreds of other former TWA pilots who would be ranked higher on the system seniority list if the list were created using the method required by the collective bargaining agreement and supplements to the collective bargaining agreement.

6. Thompson has requested American Airlines to create and make available a system-wide seniority list.  Thompson has filed a grievance over the way American Airlines creates the system-wide seniority list and requested American Airlines to create a new system-wide seniority list in accordance with the collective bargaining agreement and the supplements to

the collective bargaining unit. American Airlines refused to create a new system-wide seniority list. On March 1, 2011, APA notified Thompson that it was refusing to pursue Thompson's grievance.

7. APA's refusal to push the issue of creating a new system-wide seniority list puts APA in a difficult position. If APA demands that American Airlines generate a new list in accordance with the collective bargaining agreement and supplements, many of the former TWA pilots would rank higher on the system seniority list and thereby displace American Airlines pilots on the system seniority list. By refusing to pursue Thompson's grievance, APA has decided to place a higher value on the members who were American Airlines pilots before the TWA acquisition.

## COUNT 1—Breach of the Duty of Fair Representation

8. As the collective bargaining agent of the pilots of American Airlines, APA owed the members of the union a duty of fair representation under the Railway Labor Act and the fiduciary duty to represent its members in good faith. Specifically, APA has failed to represent Thompson and the former TWA pilots and protect those pilots' seniority rights under the collective bargaining agreement because APA has refused to demand American Airlines create the system seniority list based on the requirements of the collective bargaining agreement and the supplements to the collective bargaining agreement.

9. As a result of APA's breach, Thompson and the other former TWA pilots have been discriminated against in favor of the American Airlines pilots, and artificially and unfairly placed lower on American Airlines' system seniority list.

## COUNT 2—Breach of the Collective Bargaining Agreement

10. Under the terms of the collective bargaining agreement between American Airlines and APA, American Airlines was supposed to create, maintain, and make a system seniority list available to individual pilots. American Airlines has not created a system seniority list that complies with the terms of the current collective bargaining agreement and supplements to the current collective bargaining agreement. Instead, the system seniority list created by American Airlines favors American Airlines pilots over the pilots that were former TWA pilots. As a result, the former TWA pilots have been systematically denied the benefits that they would have received if they had been properly characterized for seniority purposes and if American Airlines had created a system seniority list in accordance with the collective bargaining agreement and supplements to the collective bargaining unit.

## III.

## RELIEF REQUESTED

11. Thompson demands judgment against APA that APA breached its duty to fairly represent Thompson and the other former TWA pilots in the creation of a system-wide seniority list.

12. Thompson demands judgment against APA for damages caused by APA's breach of its duty to fairly represent Thompson and the other former TWA pilots.

13. Thompson demands judgment against APA for attorney fees and cost of Court.

14. Thompson demands judgment against APA for any other relief to which Thompson may be entitled.

15. Thompson demands judgment against American Airlines for breaching the collective bargaining unit by failing to create a system seniority list in accordance with the terms of the collective bargaining agreement.

16. Thompson demands judgment against American Airlines for damages relating to American Airlines' breach of the collective bargaining agreement.

17. Thompson demands judgment against American Airlines for attorney fees and costs of Court.

18. Thompson demands judgment against American Airlines for any other relief to which he is entitled.

## IV.

## JURY REQUESTED

19. Thompson requests a jury on all issues to which he is entitled to a trial by jury.

WHEREFORE Plaintiff Ben Thompson demands judgment against Defendant for the relief requested herein, and for any other relief to which he is entitled.

Respectfully submitted,

By: /s/ Brett L. Myers_____
Brett Myers
State Bar No. 00788101
Eric L. Scott
State Bar No. 24002919

**DAVID, GOODMAN & MADOLE**
**A Professional Corporation**
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972/991-0889
972/404-0516 Telecopier

**ATTORNEYS FOR PLAINTIFF**
**BEN THOMPSON**